UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER CHRISTIAN JENSEN, IV,<br><br>Plaintiff,<br><br>v.<br><br>DENNNIS ENGLEHARDT; CLORRISA KOSTER; and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00342-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are Plaintiff Peter Christian Jensen's Motion to Quash (Dkt. 3), Motion for Hearing (Dkt. 5), and Motion for Default Judgment (Dkt. 7), as well as Jensen's continuing failure to either pay the filing fee or seek leave to file in forma pauperis.[1] Upon review, and for the reasons stated below, the Court DENIES Jensen's pending motions and he is ORDERED to either pay the filing fee or seek leave to proceed in forma pauperis.

## II. BACKGROUND

On July 1, 2025, Peter Christian Jensen, IV, filed suit against Dennis Englehardt and

---

[1] Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Clorissa Koster, respectively the assessor and treasurer of Bannock County, Idaho, alleging they unlawfully collected property taxes from him. Dkt. 1. Jensen believes the property tax regime in Bannock County violates divine and constitutional law. *Id.* Jensen did not pay the filing fee when he initiated this lawsuit, nor did he file an application to proceed in forma pauperis.[2] The next day, the Clerk of Court entered a routine order—the Order of Conditional Filing—informing Jensen that his case cannot proceed until he either pays the filing fee or seeks leave to proceed in forma pauperis. Dkt. 2.

On July 10, 2025, Jensen filed a Motion to Quash the Order of Conditional Filing. Dkt. 3. In his Motion, Jensen argues the Order of Conditional Filing deprives him of his First Amendment and Seventh Amendment rights, that the United States is an illusional force, that the federal and state constitutions do not require payment of a filing fee, and that he has not consented to the jurisdiction of the United States or the State of Idaho.

On August 5, 2025, Jensen moved for a hearing on his Motion to Quash. Dkt. 5.

On August 25, 2025, Jensen filed a Motion for a Default Judgment. Dkt. 7. In his Motion for a Default Judgment, Jensen claims that he served Defendants on July 25, 2025, and that they failed to appear. *Id.* He requests the Court enter judgment against the Defendants and sentence many of them to prison for violations of 18 U.S.C. §§ 241 and 242. *Id.*

### III. DISCUSSION

Jensen's arguments are not based on the law or procedural rules which govern this

---

[2] An application to proceed in forma pauperis is a request to file one's case without paying the filing fee or to pay the filing fee over time instead of all at once.

Court. Nor can he continue to pursue his case without either paying the filing fee or applying to proceed in forma pauperis.

**A. Motion to Quash**

Jensen asks the Court to quash the Order of Conditional Filing. Dkt. 3. He argues the order is invalid because it: 1) was not signed by a judge, 2) levies a filing fee not required by the Constitution, 3) deprives him of his First Amendment right to petition the government, 4) deprives him of his Seventh Amendment right to a jury trial, 5) was issued in the name of an illegitimate sovereign, and 6) was not personally consented to by him. The Court disagrees.

First, the Order of Conditional Filing does not need to be signed by a judge. 28 U.S.C. § 1914(a) requires the Clerk of Court to collect the filing fee from plaintiffs in civil suits. Because the Clerk's authority to collect the filing fee is conferred on him by statute, the Clerk does not need to ask the Court's permission to order plaintiffs to pay the filing fee. *See* Fed. R. Civ. P. 77(c)(2)(D) ("*Order.* Subject to the court's power to suspend, alter, or rescind the clerk's action for good cause, the clerk may . . . act on any other matter that does not require the court's action.")

Second, while the Constitution does not explicitly require litigants to pay filing fees, it gives Congress the power "[t]o make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof." U.S. Const. art. I § 8. Congress has deemed it necessary and proper to pass laws requiring plaintiffs to pay filing fees or apply to proceed in forma pauperis to carry into

MEMORANDUM DECISION AND ORDER - 3

execution the powers vested in federal courts by Article III. *See* 28 U.S.C. §§ 1914–15, *see also M'Culloch v. Maryland*, 17 U.S. 316, 421 (1819).

Third, requiring Jensen to pay the filing fee does not violate his First Amendment rights to petition the government because the Government may provide rules of procedure governing how one files a petition. Jensen has the option to either pay the filing fee or seek a waiver by applying to proceed in forma pauperis. 28 U.S.C. §§ 1914–15. Jensen does *not* have the option to refuse to pay the filing fee and simultaneously refuse to seek a waiver. Requiring Jensen to fill out an application to waive the filing fee does not burden his right to petition the government; thus, the Order of Conditional Filing does not violate the First Amendment.

Fourth, the Order of Conditional Filing does not violate the Seventh Amendment for the same reasons it does not violate the First. Requiring Jensen to either pay the filing fee or apply to proceed in forma pauperis is a procedural step which does not burden his substantive right to a jury trial. If Jensen pays the filing fee (or has it waived and passes his initial review), survives motions to dismiss and for summary judgment, and complies with the rules required to bring a case to trial, he may still have a jury hear his case. But first, he must pay the filing fee or apply for in forma pauperis status.

Fifth, Jensen argues the Order of Conditional Filing was issued in the name of the United States, the United States is illegitimate, and, therefore, the Order of Conditional Filing is illegitimate as well. In his Complaint, Jensen argues the United States, as currently constituted, is a corporation created by the "Act of 1871" usurping the rightful government established by the Constitution. Jensen is not the first litigant to argue the United States

MEMORANDUM DECISION AND ORDER - 4

became a for-profit corporation in 1871. *See, e.g.*, *United States v. Finley*, 2022 WL 3702084, at *7 (M.D. La. Aug. 26, 2022). The argument is an example of a "sovereign citizen" argument of a type which courts frequently dismiss out of hand as frivolous. *See, e.g.*, *id.* at *7–*8 (collecting cases and explaining sovereign citizen theories are not valid in court). There would be nothing wrong with the Court doing so here. *See, e.g.*, *Bonner v. Ada Cnty.*, 2018 WL 11216389, at *1 (D. Idaho Nov. 27, 2018) (summarily dismissing sovereign citizen theory as frivolous).

But the Court will take the opportunity to address an uncommon but too-prevalent misconception. The argument that the United States became a corporation in 1871 is based on a misunderstanding of the legal term "corporation." Americans are most familiar with for-profit corporations like McDonalds or Wal-Mart. But for-profit corporations are only one kind of corporation. A corporation, legally speaking, is an organization or group authorized by law to own property, make contracts, sue and be sued, and perform other legally significant acts as a single entity. *See* "Corporation," Black's Law Dictionary (12th ed. 2024). This legal definition includes McDonalds, but it also includes other organizations which people might not typically think of as "corporations," including many non-profits, churches, and clubs. The legal definition of corporation also includes cities, which are occasionally called municipal corporations as a result.

It is this latter use of the term "corporation" that appears in the District of Columbia Organic Act of 1871. Prior to the Organic Act, there were two cities (or municipal corporations) in the District of Columbia: the City of Washington and the City of Georgetown. By the late 19th century, however, Washington and Georgetown had grown

MEMORANDUM DECISION AND ORDER - 5

large enough that they no longer made sense as separate cities. The Organic Act consolidated them, creating (or, in the language of the law, incorporating) one government for the entire district: the District of Columbia. 16 Stat. 419, Feb. 21, 1871. The Act did not create any for-profit corporations, let alone one intended to usurp the constitutional government.

Relatedly, Jensen argues that because the Declaration of Independence refers to the "consent of the governed," and he has not consented to paying the filing fee, he does not need to pay the filing fee. This is another sovereign citizen argument, and Jensen is once again wrong. First, when the Declaration refers to the "consent of the governed," it means that the government must have the consent of the community. So long as the community consents to the government, individuals do not get to opt-out. And second, Jensen *did* consent to the jurisdiction of this Court—by filing this lawsuit.

Ultimately, all of Jensen's arguments are legally frivolous. The Motion to Quash the Order of Conditional Filing is, therefore, DENIED.

### B. Motion for a Hearing.

Jensen also requests a hearing on his Motion to Quash the Order of Conditional Filing. Dkt. 5. However, all of Jensen's arguments are frivolous, and a hearing would not make them less so. *See* Local Rule 7.1(d)(1)(B). Jensen's Motion for a Hearing is DENIED.

### C. Motion for a Default Judgment.

Finally, Jensen moves the Court to enter a default judgment against Defendants and sentence them to jail time. There are several issues with this request.

First, because Jensen has not paid the filing fee or applied to proceed in forma pauperis, the Clerk of Court has not issued summons. Jensen cannot serve the Defendants without a proper summons, signed by the Clerk and stamped with the Court's seal. Fed. R. Civ. P. 4. Until they are served with genuine summons, the Defendants cannot be in default. Fed. R. Civ. P. 12(a)(1)(A)(i), 55.

Second, Jensen seeks to hold several parties in default which are not named in his Complaint. If he wishes to obtain relief from individuals not named in his original complaint, he needs to file an amended complaint naming all the individuals he seeks to sue as parties. Fed. R. Civ. P. 8(a).

Third, a party cannot simply demand that an opposing party in default be thrown in prison. Should Jensen eventually prevail, he can obtain one of two things from the defendants: money, or a court order to do (or refrain from doing) a specific act. He cannot demand the Defendants be thrown in jail merely for losing the case, by default or otherwise.

Fourth, even if Defendants do end up in default, Jensen must first ask the Clerk to enter their default. Fed. R. Civ. P. 55(a).[3] Only after the Clerk enters their default may Jensen seek default judgment from the Court. Fed. R. Civ. P. 55(b).

For all these reasons, Jensen's Motion for a Default Judgment is DENIED.

### D. Jensen Must Pay the Filing Fee or Apply to Proceed In Forma Pauperis

The Court must repeat itself one last time: Jensen has yet to pay the filing fee or apply to proceed in forma pauperis. He has two options; he must pick one, or the case will

---

[3] More information about Clerk's Entry of Default—including the relevant form—can be found on the Court's website. *See* https://id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm.

remain at a standstill. And the Court will not permit this case to remain on its docket forever when it is inexcusably at a standstill. *See PathDM1 LP LLC v. Path 1 Commc'ns, LLC*, 2025 WL 2374346, at *4 (D. Idaho Aug. 14, 2025) ("District courts have an inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.") (quoting *In re Phenylpropanolamine (PPA) Prods. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006)). The Court therefore ORDERS Jensen to pay the filing fee or apply to proceed in forma pauperis within 30 days of the entry of this order. Failure to do so may result in dismissal of the Complaint.

## IV. CONCLUSION

Jensen raises several arguments challenging the Court's efforts to collect the filing fee and attempts to impose strict sanctions on the Defendants for their alleged failure to appear. But Jensen's filings reveal a lack of understanding regarding legal procedure and the law more generally. The Court encourages Jensen to find better sources of legal information, learn the rules of civil procedure, and apply genuine legal precedents in his future filings. First things first, though: Jensen must pay the filing fee or file an application to proceed in forma pauperis.

## V. ORDER

Accordingly, **IT IS HEREBY ORDERED**:

1. Jensen's Motion to Quash Order of Conditional Filing (Dkt. 2) is **DENIED**.

2. Jensen's Motion for a Hearing (Dkt. 5) is **DENIED**.

3. Jensen's Motion for a Default Judgment (Dkt. 7) is **DENIED**.

4. Jensen must pay the filing fee or submit an application to proceed in forma pauperis within 30 days of the entry of this Order. **Should Jensen fail to either pay the filing fee or apply to proceed in forma pauperis within 30 days, the Court will dismiss his Complaint without further notice and close this case.**

DATED: November 3, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9